# MINUTES OF THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

**UNITED STATES OF AMERICA**     v.     **KEVIN TERRELL STAPLES (2)**

THE HONORABLE JOHN W. SEDWICK                CASE NO. 3:02-cr-00086-JWS

PROCEEDINGS:     **ORDER FROM CHAMBERS**                Date: May 3, 2006

---

      Defendant Kevin T. Staples entered a plea agreement with the United States pursuant to which he pled guilty to a charge of conspiracy to distribute more than 500 grams of cocaine. His plea agreement included a waiver of the right to appeal and to collaterally attack his conviction and sentence. The significance of these waivers was explained to him on the record before this court accepted his plea of guilty. Despite the waiver, Staples has collaterally attacked his sentence.

      At docket 74, Staples moves for an order modifying his sentence pursuant to 28 U.S.C. § 2255, principally on the grounds that the court's decision finding him to be a supervisor of the criminal activity was error, because only a jury could make such a determination. The motion relies primarily on *Blakely v. Washington* and *United States v. Booker*. Staples also asks to have the judgment modified pursuant to Rule 60(b). The motion was opposed by the United States. On June 23, 2005, at docket 104, the magistrate judge issued an initial report recommending that the motion be denied. For reasons not discernible in the record, the magistrate judge did not file a final report advising this court of his final recommendation as to the motion at docket 74. Thereafter, at dockets 106 and 107, Staples filed motions "of inquiry" asking about the status of his section 2255 motion. Again, for reasons not discernible in the record, the magistrate judge did not act.

      The reference to the magistrate judge is hereby withdrawn.

      The matter having come to this court's attention, this court has reviewed the file. This court must review the magistrate judges recommended conclusions of law *de novo*. This court must also review any recommended findings of fact as to which an objection is made *de novo*. Finally, this court must review any findings of fact as to which no objection is taken for clear error. Having considered the papers in the file, and having applied the preceding standard of review, it is clear to this court that the magistrate judge's recommended findings of fact and conclusions of law are all correct. It may be added that in the time which has passed, the Ninth Circuit has joined the other circuits in explicitly ruling that *Booker* is not retroactive and so does not apply to a case like Staples', which became final prior to the publication of that decision. *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005).

Because the motion at docket 74 is utterly without merit, and foreclosed by the plea agreement, it is **DENIED**.  The motions of "inquiry" at dockets 106 and 107 are **DENIED** as moot.

_____