RECEIVED

JUN 0 9 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Kevin T. Staples

P.O. Box 019001

Atwater, CA 95301

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Kevin T. Staples, | ) CASE NO.3:02-CR-00086-JWS |
| Appellant, | ) |
| v. | ) APPEAL FROM DENIAL |
| UNITED STATES OF AMERICA, | ) OF 28 U.S.C. § 2255 |
| Respondent, | ) PETITION FOR ISSUANCE OF |
| | ) CERTIFICATE OF |
| | ) APPEALABILITY 28 USC § 2253 |
| | ) AND RULE 22(b) |
| | ) |

PETITION TO THE DISTRICT COURT FOR

ISSUANCE OF CERTIFICATE OF APPEALABILITY

On May 3, 2006, this Honorable Court entered its
Order denying the application of the Petitioner, Kevin T.
Staples, to vacate, set aside, or correct his sentence
pursuant to 28 U.S.C.A. § 2255. In order for the Petitioner
to appeal said Order to the United States Court of Appeals
for the Ninth Circuit, the Petitioner respectfully request
that this Court issue a certificate of appealability,
pursuant to 28 U.S.C.A. § 2253, and Rule 22(b) of the Federal
Rules of Appellate Procedure.

Petitioner maintains that he is entitled to redress on appeal on the following grounds, which substantially show that he was denied his constitutional rights:

1. Petitioner argues that the imposition of his sentence violates his Sixth Amendment Rights, as interpreted by the Supreme Court in Apprendi v. New Jersey 530 U.S. 466, 490 (2000), that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. (Apprendi,) is a case decided prior to the imposition of petitioner's sentence.

Although petitioner has argued, and somewhat erroneously, cited cases such as Blakely, Ameline, Booker, all post Apprendi cases Petitioner asserts that the basic premise of his argument still holds true. That he does not have to rely on Booker, Blakely, or Ameline to posit the exact same constitutional argument.

In his Report and Recommendation, the United States Magistrate, wrongly assumes and asserts that Petitioner relies upon the ruling by the Supreme Court in Blakely v. Washington 542 U.S. ____124, S. Ct. 2531 (2004) to argue that his sentence is unconstitutional because the court relied upon enhancement factors which were not proved to a jury beyond a reasonable doubt, nor admitted by him in his plea agreement.

Here, the Magistrate Judge not only misconstrued Petitioner's motion and arguments.

The Magistrate Judge's Report and recommendation was flawed on the basic premises of law and fact. If Judge Sedwick, indeed based his conclusions on the Magistrates Judges Report, there can be little doubt that his conclusions are flawed in the nature of law and fact as well.

2.Judge Sedwick, further states that Petitioner entered a plea agreement with the United States pursuant to which he plead guilty to a conspiracy to distribute more than 500 grams of cocaine. Judge Sedwick, further points out that the plea agreement included a waiver of the right to appeal and to collaterally attack his conviction and sentence. That the significance of these waivers were explained to him on the record before the court accepted his plea of guilty. That despite the waiver, Staples has collaterally attacked his sentence.

Petitioner asserts that the record will reflect that this statement by Judge Sedwick, is not necessarily true or factually correct.

Petitioner calls attention to a "Partial Transcript Of Proceedings"
Thursday, November 13 2003. Before the Honorable John W. Sedwick, United States District Judge. (Imposition of Sentence)

The Court:

Is there anything further to do before I advise Mr.

Staples of his limited rights on appeal?

   Mr. Russo: No, Your Honor.

   Mr. Dattan: No. Thank you, Your Honor.

   The Court: Mr. Staples, you're advised that there is ordinarily a right to appeal "even when you plead guilty" to a charge. However, in this case  you waived your right to appeal in the plea agreement. If you believe--and such waivers are ordinarily enforceable. However, if you believe the waiver is not enforceable in your case, then you can take an appeal. Any appeal must be taken within the 10-day time period allowed by Rule 4(b) of the Federal Rules of Appellate procedure. If you cannot afford to pay for an appeal, you may ask to appeal at public expense by applying for leave to proceed in (forma pauperis.) If you request it, the Clerk of Court will file a notice of appeal on your behalf.

   All right. we'll adjourn pending the next matter.

   The Clerk: All rise. This matter.....

  (Proceedings concluded at 8:29 a.m.)


   This colloquy would raise serious doubt concerning petitioner's ability to appeal, or not to appeal. The Judge's explanation to petitioner was not only ambiguous and contradictory, but one must keep in mind that Judge Sedwick's advisement is being given to a layman, a person with very limited legal knowledge or expertise.

   Judge Sedwick, in this colloquy, tells petitioner [n]o less than (6), six times that he can appeal. Furthermore, in this Colloquy there in no mentioning of a waiver of the right to collaterally attack his conviction and

sentence.

Given, that this transcript is a true and authentic copy of the Sentencing Transcripts, and colloquy, one can only infer from Judge Sedwick's, words that petitioner was lead to believe that indeed he had the right to appeal, regardless of his plea or of a waiver.

Because of the Courts ambiguity Petitioner cannot be precluded from seeking redress. Any procedural default would have to be shouldered by the district court.

The Supreme Court's decision in the Booker/FanFan cases' was decided on January 12, 2005. However, the United States Magistrates filed his 'Recommendation Regarding motion To Vacate' docket # 74, on June 23, 2005, and therein lies the [s]significance of Petitioner's claims and the errors of both the Magistrate, and District Court Judge.

The Magistrate Judge in his report, see document # 104, has stated repeatedly that Apprendi, does not apply to the Federal Sentencing Guidelines (Magist. Judge's Report, @ pg. 5,. However, The Government's, as well as the Magistrate's arguments for its position that Blakely's reasoning should not be applied to the Federal Sentencing Guidelines are unpersuasive.

The fact that the Guidelines are promulgated by the Sentencing Commission, rather than Congress, is constitutionally irrelevant.

The Supreme Court, had not previously considered the question, but the same Sixth Amendment principles applied to the Sentencing Guidelines prior to Booker/FanFan, Further,

the Court's pre-Apprendi cases considering the Guidelines are inapplicable, as they did not consider the application of Apprendi to the Sentencing Guidelines.

Nonetheless, the Supreme Court has held that the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines.

Again, (citing Booker,)(but not relying) on Booker. In the Supreme Court's, opinion, Justice., Stevens delivering the opinion in part, addressing the question presented in both Booker, and FanFan, whether an application of the Federal Sentencing Guidelines violated the Sixth Amendment. In Booker, the judge held a post-trial sentencing proceeding and concluded by a preponderance of the evidence that Booker had possessed an additional 566 grams of crack and that he was guilty of obstructing justice. Thus, instead of the sentence of 21 years and ten months that the judge could have imposed on the basis of facts proved to the jury beyond a reasonable doubt, Booker received a 30-year sentence.

Over the dissent of Judge Easterbrook, the Court of Appeals for the Seventh Circuit held that: "this application of the Sentencing Guidelines conflicted with our holding in (Apprendi v. New Jersey, 530 U.S. 466, 490, (2000))," (That other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' 375 F.3d 508, 510 (2004)). The majority relied on its holding in Blakely v. Washington, 542

U.S. (2004), that 'the statutory maximum' for Apprendi
purposes is the maximum sentence a judge may impose solely on
the basis of the facts reflected in the jury verdict or
admitted by the defendant.

Apprendi establishes, 530 U.S. at 490, 120 S.Ct. at
2536, this rule: '[O]ther than the fact of a prior
conviction, any fact that increases the penalty for a crime
beyond the prescribed statutory maximum must be submitted to
a jury and proved beyond a reasonable doubt.'

Petitioner asserts that the district judge has
misconstrued the issues, confused the facts, dates, orders,
and legal issues of Petitioner's motion.

Petitioner filed his original § 2255 on July 23,
2004, this Court answered Petitioner's motion on May 3, 2006,
some 22 months after the original filing. In addition, to the
vast passage of time, there has been a change of United
States Attorney's on the case, as well as numerous
supplemental filings by both parties, seeking continuances,
clarifications of Orders etc.
Petitioner asserts that because of the passage of
time and the ensuing confusion attendant in any case where
there is such a large expanse of time, that the district
court has confused the primary issues of his argument.

Regardless of Petitioner's misplaced arguments
concerning Ameline, Blakely, and Booker, One fact remains

constant, and that is the fact that Petitioner has
consistently raised a substantial constitutional issue,
citing Apprendi, which substantially shows that he was denied
his constitutional rights which entitles him to redress on
appeal.

Petitioner makes the claim that regardless of any
other arguments in his motions to the District Court, his
citing of Apprendi v. New Jersey 530 U.S. 466, 490, supports
his claims of constitutional violations. It cannot be denied
that Petitioner has consistently posited the application of
Apprendi, to the United States Sentencing Guidelines.

Indeed, with the initial filing of his 28 U.S.C. §
2255, Petitioner has extorted the application and
constitutional holdings of Apprendi, as well in each of his
supplemental motions also. That, it is this issue that the
district court has overlooked in its ruling and opinion.

The district court judge consistently states that
Apprendi, does not apply to the Federal sentencing
Guidelines. [H]owever, this statement is legally untrue. A
reading of Blakely, or Booker, will refute this argument.

In addressing the Washington State's determinate
sentencing scheme, the Blakely Court found that Jones v.
United States, 526 U.S. 227; Apprendi v. New Jersey, 530 U.S.
466; and Ring v. Arizona, 536 U.S. 584, made clear 'that the
'statutory maximum' for Apprendi purposes is the maximum
sentence a judge may impose {soley} on the basis of the facts
reflected in the jury verdict or admitted by the defendant.')
542 U.S., at_____.

For reasons explained in Jones, Apprendi, and Ring,
the requirements of the Sixth Amendment were clear. The
application of Washington's sentencing scheme violated the
defendant's right to have the jury find the existence of "any
particular fact" that the law makes essential to his
punishment. 542 U.S. at____(slip op., at 5).
Therefore, as Petitioner has consistently claimed, since
there were facts found by the district judge using a
preponderance of the evidence standard, the sentence violated
his Sixth Amendment right, according to Jones, Apprendi, and
Ring, which are cases all decided pre-Blakely, or Booker.
Therefore, Petitioner's claims do have merit, and do not
implicate retroactive application.

The United States District Judge, States in his
opinion that: The Ninth Circuit, as has other federal circuit
courts, have held that Apprendi, is not applicable to cases
on collateral review, Citing Sanchez-Cervantes, 282 F.3d 664
(9th Cir. 2002). Nonetheless, Petitioner asserts that
Apprendi, does not have to be applied to his case
retroactively. Apprendi was decided prior to his sentencing,
and the application of Apprendi must be applied in his case.

Here, Petitioner is confused and totally miffed by
the district courts use and citing of numerous cases which
were all pre-Apprendi cases, to argue the point that Apprendi
is not applicable to cases on collateral review. Beginning
with the citing of Snachez-Cervantes, at 282 F.3d. Although
using Appellate Court, dates i.e. the dates that these cases

were finally decided on collateral review by the Appellate
court's [N]ot the (actual) indictment dates of the ten (10)
or more cases cited to support his contentions.

As an example Sanchez-Cervantes was indicted on his
crimes, in March of 1993, Coleman, was a case from 1996, U.S.
v. Swinton 1994, U.S. v. Sanders, a 1997 indictment. As well
as Brown, Goode, Curtis, Moss, and so on and so on, all of
the cases are pre-Apprendi therefore, they have no relation
nor do they hold any persuasive legal argument, they simply
do not have any relevance.

Certainly the district judge's legal argument is
correct in relation to the cases he cites, as well as their
application in relationship to Apprendi, nonetheless, the
argument is 'out of time', in relationship to petitioner's
case.

Kevin Staples was indicted in the year of 2002, on
September, 22 the application of Apprendi, to his case is a
"given," and the issue should not be confused by legal
misstatements of the law, as has occurred here.


The District Court Judge, continues in his Opinion
and Order, with references to docket # 74 In which Petitioner
moved the court for modification of his sentence on the basis
that the court's decision finding him to be a supervisor of
the criminal activity was error and violated Apprendi.

However, the United States Judge in his Opinion and
Order states that: "the motion relies primarily on Blakely v.
Washington and United States v. Booker." (To the contrary)
Petitioner    asserts that the inclusion and insertion of the

Ameline, Blakely and  Booker cases and arguments to his
motion was in reaction to the Government's decision to seek a
(Motion To Stay Proceedings).

The Attorney for the Government, through counsel
Richard L. Pomeroy filed a motion with the court on Nov 5,
2004, seeking to stay briefing on Defendant's petition for
relief pending a decision from the Supreme Court in the cases
of United States v. Booker, and United States v. FanFan,
which presented the issue of Blakely's applicability to the
Federal Sentencing Guidelines.

Petitioner asserts that he included these issues in
his [O]riginal motion to the Court as well as his
supplemental motions due to the climate of the legal system
at that time. That his inclusion of Blakely/Booker,FanFan
were in reaction to those cases and their legal prominence
and controversy on the legal front at the time.

Here, Petitioner would have been remiss not to have
included the issues in the event that Booker, or Blakely,
were at some point ruled retroactive by the Supreme Court.

It was the government who moved the court for a stay
pending the outcome of Booker/FanFan, not Petitioner as
counsel Karen L. Loeffler, claims in her notice to the court,
filed on February 4. 2005, additionally seeking a new
briefing schedule from the court.      The significance of
the mentioning of this event must be 'noted' in that it
further proves that there was confusion and disarray on the

part of the United States Attorney's office, in its handling
and response to Petitioner's motion.

As further proof of this allegation, where the
district court Ordered the United States Attorney's office to
respond to Petitioner's supplemental  motion at docket # 85
by April 13, 2005. The United States Attorney never responded
to this supplemental at docket # 85, which was granted by the
district court and directed to remain  filed at docket # 85.

However, the District Court as well as the United
States Attorney, seemingly have overlooked the supplement at
docket # 85,. Instead concentrating and directing their
responses to docket # 74, the original  28 U.S.C. § 2255
motion. As is evidenced by Judge Sedwick's, 'Order From
Chambers" May 3, 2006.

Here Judge Sedwick openly states that: "At docket 74,
Staples moves for an order modifying his sentence pursuant to
28 U.S.C. § 2255.... , and that the motion relied primarily
on Blakely v. Washington and United States v. Booker.

However, this was an argument and position which
Petitioner had long
since abandoned, as is evidenced in his supplemental filing
at docket # 85.

As well, The United States Attorney never addressed
the merits of petitioner's motion at docket # 85. The
Goverments Opposition filed on April 13 2005, was plainly a
response to the motion at docket number 74. See docket number

94's entry on the docket sheet, as well see., Government's
Response Pursuant To Order at Docket No. 93, filed on May 10,
2005.

Here, Karen L. Loeffler, U.S. Attorney plainly states
that: The Government hereby states that it has nothing
additional to add to its previous report. Thus totally
ignoring Petitioner's motion at docket # 85.


Again, in Judge Sedwick's Order of May 3, 2006, Judge Sedwick
states that:

"On June 23, 2005, at docket 104, the Magistrate
Judge issued an initial report recommending that the motion
be denied. For reasons not discernible in the record, The
magistrate judge did not file a final report advising this
court of his final recommendation as to the motion at docket
74. Thereafter, at dockets 106 and 107 Staples filed motions
"of inquiry" asking about the status of his section 2255
motion.

Again for reasons not discernible in the record, the
magistrate judge did not act."
Here, Petitioner asserts that there was confusion and
disconcert.

If the magistrate judge did not issue a final report
advising the court of his final recommendation as to the
motion at docket 74, and again at dockets 106 and 107, the
magistrates judges failure to act surely impacted the
decision of the district court.

However, docket 74 was no longer relevant after
Petitioner's supplemental motions, Therefore, what did Judge

Sedwick, base his findings and conclusion of law on, if there were no reports from the magistrate judge?

Judge Sedwick goes on to say that: "The reference to the magistrate judge is hereby withdrawn."

However, any reference to the magistrate judge cannot be withdrawn in such a cavalier and careless manner, this would implicate [28 U.S.C.S. § 631 et seq.] [18 U.S.C.3401, and  Section 636, Jurisdiction, Powers, and Temporary Assignment. It was incumbent upon the magistrate judge to file a final report.


Judge Sedwick, goes on to state that: This court must review the magistrate judges recommended conclusion of law de novo.

However, as stated by Judge Sedwick, himself (the magistrate judge did not file a final report.) But since there is no final report Judge Sedwick's next paragraph is void of logic. "This court must review the magistrate judges recommended conclusions of law de novo.

......Having considered the papers in the file, and having applied the preceding standard of review, it is clear to this court that the magistrate judge's recommended findings of fact and conclusions of law are all correct.

How can this be when Judge Sedwick just stated that "the magistrate judge did not file a final report?"

Petitioner asserts that the District Court has dropped the ball on his petition.

The last paragraph in Judge Sedwick's Opinion

demonstrates this assertion more succinctly than all of the above dicta combined.

"Because the motion at docket 74 is utterly without merit, and foreclosed by the plea agreement, it is DENIED. The motions of "inquiry at dockets 106, 107 are DENIED as moot."

Did Judge Robert's forget that docket # 74 was no longer relevant, and that he had instructed the United States Attorney to reply to docket # 85, had actually granted docket # 85? Apparently so, thus this question must be answered in the affirmative. [Yes]. Judge Robert's forgot several of his rulings.

Additionally, the Disrict Court continues to harp on the subject of Petitioner's alleged plea agreement.

Petitioner wishes to reassert this argument as it was posited in his supplemental filing, which has been ignored.

Indictments historically had to charge all of the statutorily labeled elements of the offense as a proposition on which all can agree. See Apprendi Supra at 526-527. See also Archibald, 'Pleadings and Evidence In Criminal Cases' 44, (11th ed. 1849) See 1, T Starkie Criminal Pleadings 68, (2nd ed. 1822) (The indictment must state the criminal nature and degree of the offense which are conclusions of law from the facts; and also the particular facts and circumstances which render the defendant guilty of that offense.

A defendant who pleads guilty to an indictment which mentions no specific amount of drugs, and he was informed by the Judge at a Rule 11 change of plea hearing that he could receive 10 years to life under 841 (b)(1)(A). [That] defendant was misinformed by the court at the Rule 11 hearing, as to the elements of the offense for which he would be charged, and plead guilty to a crime for which he was not charged, and for which he is absolutely innocent, based on the amounts of drugs mentioned in the indictment.

Thus implicating a denial of rights similar to the defendant in Bousley v. United States 140 L.Ed 2d 828 (1998).

Forgiving any procedural default under Title 28 Section 2241 and 2255, and ruling out the harmless error analysis because it is never harmless to plead guilty to a crime one did not commit.

The Thomas, court held that to charge a defendant with violations of 21 U.S.C. § 841, (without reference) to drug type or quantity, the sentencing of a defendant to a sentence within §§ (b)(1)(B) or (b)(1)(A) amounted to [constructive amendment] of the indictment. which is [per se error]. The court further held that under either view (trial error, or sentencing error), the defendant's "substantial rights" were adversely affected by the inconsistency between the crime charged and that proved to a jury.

Finally the court held that this plain error affected the fairness of the proceedings, because of the error, and its affect on witnesses and defense counsel. The court found

that this error would seriously affect the public reputation of judicial proceedings, whether viewed as error in sentencing or an error in the conviction, if the sentence were allowed to stand.


Finally the U.S. Court Of Appeals for the Fifth circuit previously held that an Apprendi error involving the failure to charge drug quantity in the indictment and submit it to the jury for proof beyond a reasonable doubt is a Jurisdictional defect. See United States V. Gonzales, 259 F.3d 578, 593 (5th Cir. 2001).

A jurisdictional defect can be raised at anytime, and addressed by the federal courts at anytime on their own motion . See Mcgrath v. Krislensen, 340 U.S. 162 (1950). Jurisdiction cannot be waived and cannot be conferred upon a federal district court by consent, inaction or stipulation. See California v. La Rue., 409 U..S. 109, 112, 93 S.Ct. 390 34 L.Ed 342 (1972).

In both the Gonzales and Baptiste cases the government failed to charge drug quantity in the indictment or submit it to the jury for proof beyond a reasonable doubt. The court held that such a failure was jurisdictional in nature and therefore evidence adduced at trial supporting the drug quantity, or even stipulations as to drug quantity made by the defendant, are-not relevant to the analysis of a claim of such failure.

In other words, the court, in the case of a trial cannot look to what drug amount, leadership role, monetary amounts, etc. (anything that amounts to an [enhancement] from

the "base offense level") or was claimed to have been
involved by the government witness in reviewing a claim under
Apprendi. Nor can a court in a guilty plea use the
defendant's admission as to drug quantity, monetary amounts,
leadership role, etc. Thus, (anything that amounts to an
enhancement from the base offense level"), that is not
alleged in the indictment.


                 Apprendi Announced a "New" Rule of Law

                 _____


        Prior to Apprendi, every federal circuit to consider
the question had held that in section 841 and 846
prosecutions, the quantity of drugs was a "sentencing
factor," which prosecutors were not required to charge in the
indictment, submit to the jury, or prove beyond a reasonable
doubt. See United States v. Thomas, 204 F.3d 381 383 (2d
Cir.2000)(per curiam) (Thomas I) (Collecting cases), vacated
and remanded in light of Apprendi 531 U.S. 1062, 121 S.Ct.
749 148 L.Ed.2d 653 (2001) Since Apprendi, every federal
circuit to consider the question has reversed course, holding
that in such prosecutions the quantity of drugs must be
charged in the indictment, submitted to the jury, and proved
beyond a reasonable doubt. See United States v. Thomas, 274
F.3d 655, 663 (2d Cir. 2001) (in banc) (Thomas II)
(collecting cases).


        Petitioner asserts that his Sixth Amendment Right
under Apprendi, was violated by the district court, as well,

as the United States Attorney.

Additionally, Petitioner asserts that trial counsel was ineffective by not recognizing Petitioner's Apprendi, claims, and objecting to any enhancements which increased Petitioner's sentence beyond the statutory maximum.

For all of the above reasons, based on the records and files of the case, as well as the inconsistent and erroneous rulings by the district court.

Wherefore, the Petitioner respectfully request that a certificate of appealability be issued.

Respectfully submitted

Kevin T. Staples

Pro se

June 2, 2006